FILED
CHARLOTTE, NC

SEP 2 0 2017

US DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Docket No.: 3:17CR276-RJC |
| ) | |
| v. ) | **BILL OF INDICTMENT** |
| ) | |
| ) | Violations: 18 U.S.C. § 1349 |
| JAMES MURRAY WILLINGHAM, JR. ) | 18 U.S.C. § 1343 |
| a/k/a "JUNIOR" ) | 18 U.S.C. § 1344 |
| ) | 18 U.S.C. § 1028A |
| ) | 18 U.S.C. § 2 |

THE GRAND JURY CHARGES:

At all times relevant to this Indictment:

## INTRODUCTION

1. From at least in or about December 2016, through at least June 2017, in Mecklenburg County and elsewhere, the defendant, JAMES MURRAY WILLINGHAM, JR. a/k/a "JUNIOR" ("WILLINGHAM") and other persons known and unknown to the Grand Jury conspired to design and did design and execute a scheme and artifice to defraud and to obtain money and property by materially false and fraudulent pretenses, representations, and promises by using stolen personally identifying information ("PII") to purchase vehicles and rent an apartment.

2. In furtherance of the fraud scheme, WILLINGHAM and others used and attempted to use one or more "means of identification" that belonged to other persons ("Identity Theft Victims"), including names, social security numbers ("SSNs"), dates of birth ("DOBs") and addresses (collectively "PII") in order to pose as the Identity Theft Victims and fraudulently obtain goods and services in their names.

3. WILLINGHAM, aided by others known and unknown to the Grand Jury, used the services of a company, identified herein as TLO that offered "skiptracing" services to legitimate organizations and business, in order to query the PII, including names, current residential addresses, DOBs, and SSNs, among other information, of Identity Theft Victims for the purposes of engaging in fraud.

4. During these queries, WILLINGHAM and his co-conspirators targeted Identity Theft Victims with sufficiently high credit ratings that would allow WILLINGHAM and others to open retail lines of credit, secure loans, rent apartments, and obtain other goods and services in the Identity Theft Victims' names.

5. For example, on or about December 11, 2016, a co-conspirator of WILLINGHAM's indicted elsewhere and known to the Grand Jury, submitted over the Internet a

query to TLO for numerous Identity Theft Victims, including victims C.H., T.H., T.E., and received over the Internet from TLO the PII of said Identity Theft Victims.

6. Thereafter, WILLINGHAM, aided by others, obtained fictitious North Carolina driver's licenses bearing WILLINGHAM's photograph and the identifiers of the Identity Theft Victims, including the victim's name and DOB.

7. Armed with these fictitious forms of identification and other PII belonging to the Identity Theft Victims, WILLINGHAM and others visited retail establishments, including auto dealerships, and completed credit and loan applications in the Identity Theft Victims' names in order to finance the purchase of goods, including automobiles. For example:

    a. On or about December 15, 2016, WILLINGHAM fraudulently obtained a loan of $19,123.00 to finance the purchase of a 2011 Dodge Charger sedan by falsely representing himself to be Identity Theft Victim C.H, a real person. In furtherance of the fraudulent loan application, WILLINGHAM presented a sales associate at an auto dealership located in Charlotte, North Carolina, with C.H.'s PII, including C.H.'s SSN and a copy of a fictitious North Carolina driver's license that displayed WILLINGHAM's photograph and the name and DOB of victim C.H.

    b. On or about December 31, 2016, WILLINGHAM fraudulently obtained a loan of $25,750.00 from Farm Bureau Bank to finance the purchase of a 2012 Mercedes-Benz E-Class sedan by falsely representing himself to be Identity Theft Victim T.H., a real person. In furtherance of the fraudulent loan application, WILINGHAM presented a sales associate at an auto dealership located in Charlotte, North Carolina with T.H.'s PII, including T.H.'s SSN and a copy of a fictitious North Carolina driver's license that displayed WILLINGHAM's photograph and the name and DOB of victim T.H.

    c. On or about January 5, 2017, WILLINGHAM attempted to fraudulently obtain a 2011 Audi Q5 sport utility vehicle from an auto dealership located in Charlotte, North Carolina by falsely representing himself to be Identity Theft Victim T.E., a real person.

        i. In furtherance of the attempt, WILLINGHAM presented a sales associate at the dealership with T.E.'s PII, including a copy of a fictitious North Carolina driver's license that displayed WILLINGHAM's photograph and the name and DOB of victim T.E. Employees at the dealership thwarted the attempt and contacted North Carolina state law enforcement officers after recognizing the driver's license to be fictitious.

        ii. On or about January 6, 2017, North Carolina state law enforcement officers encountered WILLINGHAM at the auto dealership when WILLINGHAM returned to complete the transaction, at which time WILLINGHAM had in his possession Internet printouts containing the PII of at least sixteen (16) Identity Theft Victims.

8. WILLINGHAM and others also used fictitious forms of identification and other PII belonging to Identity Theft Victims to rent one or more apartments from which WILLINGHAM and others carried on their identity theft scheme. For example:

   a. From in or about April 2017 through at least June 2017, WILLINGHAM fraudulently obtained and maintained possession of an apartment located at 730 Hawthorne Lane, Unit 146, in Charlotte, North Carolina, by falsely representing himself to be Identity Theft Victim C.E., a real person.

   b. In furtherance of the fraudulent rental application, WILLINGHAM presented the leasing company with various forms of fictitious documentation in C.E.'s name, including a fictitious North Carolina driver's license that displayed WILLINGHAM's photograph and the name and DOB of victim C.E.

9. Thereafter, this apartment was used in furtherance of the fraud scheme to conceal card printers, a plastic card embosser, multiple rolls of holographic print used for identification cards, computers with software containing identification card templates from multiple states, and several fictitious North Carolina identification cards.

## COUNT ONE
### (Wire Fraud Conspiracy – 18 U.S.C. § 1349)

10. The Grand Jury re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 9 of this Indictment as though fully set forth herein.

11. From at least in or about December 2016, through in or about June 2017, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendants,

**JAMES MURRAY WILLINGHAM, JR.**
a/k/a "JUNIOR,"

did knowingly combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, wire fraud, a violation of Title 18, United States Code, Section 1343.

### Object of the Conspiracy

12. *Wire Fraud* – It was a part and an object of the conspiracy that **WILLINGHAM** and others known and unknown to the Grand Jury, having devised the above-described scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purposes of executing said scheme and artifice, a violation of Title 18, United States Code, Section 1343.

## Manner and Means

13. The conspirators, including **WILLINGHAM** and others known and unknown to the Grand Jury, carried out the conspiracy through the manner and means described in paragraphs 1 through 9 of this Bill of Indictment, among others.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
### (Wire Fraud – 18 U.S.C. § 1343)

14. The Grand Jury re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 9 of this Indictment as though fully set forth herein.

15. On or about December 15, 2016, in Mecklenburg County, within the Western District of North Carolina and elsewhere, the defendant,

**JAMES MURRAY WILLINGHAM, JR.**
**a/k/a "JUNIOR,"**

and others known and unknown to the Grand Jury, aiding and abetting one another, with the intent to defraud, did knowingly and intentionally devise the above-described scheme and artifice to defraud and to obtain money and property by materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, did cause to be transmitted by means of wire communication in interstate commerce any writing, sign, signal, picture or sound, to wit **WILLINGHAM** did cause lender Federal Financial Services, Inc. to submit over the Internet a request for the credit history report of Identity Theft Victim C.H. to credit reporting agency TransUnion.

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THREE
### (Bank Fraud – 18 U.S.C. § 1344)

16. The Grand Jury re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 9 of this Indictment as though fully set forth herein.

17. On or about December 31, 2016, in Mecklenburg County, within the Western District of North Carolina and elsewhere, the defendant,

**JAMES MURRAY WILLINGHAM, JR.**
**a/k/a "JUNIOR,"**

and others known and unknown to the Grand Jury, aiding and abetting one another, did knowingly execute and attempt to execute a scheme and artifice to obtain moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of Farm Bureau Bank, a financial institution as defined in Title 18, United States Code, Section 20, by means of false or

fraudulent pretenses, representations, or promises, to wit, by submitting loan documents containing one or more material false or fraudulent pretenses, representations, or promises, in order to obtain an auto loan in the amount of $25,750.00.

All in violation of Title 18, United States Code, Sections 1344(2) and 2.

## COUNT FOUR
### (Wire Fraud – 18 U.S.C. § 1343)

18. The Grand Jury re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 7 of this Indictment as though fully set forth herein.

19. On or about April 25, 2017, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant,

**JAMES MURRAY WILLINGHAM, JR.**
**a/k/a "JUNIOR,"**

and others known and unknown to the Grand Jury, aiding and abetting one another, with the intent to defraud, did knowingly and intentionally devise the above-described scheme and artifice to defraud and to obtain money and property by materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, did cause to be transmitted by means of wire communication in interstate commerce any writing, sign, signal, picture, or sound, to wit, **WILLINGHAM** did cause an apartment rental application to be sent over the Internet to Greystar Real Estate Partners, LLC.

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS FIVE – EIGHT
### (Aggravated Identity Theft – 18 U.S.C. § 1028A)

20. The Grand Jury re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 7 of this Indictment as though fully set forth herein.

21. From at least December 2016, through at least June 2017, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant,

**JAMES MURRAY WILLINGHAM, JR.**
**a/k/a "JUNIOR,"**

did knowingly use, without lawful authority, a means of identification of another person, as defined in Title 18, United States Code, Section 1028(d)(7), during and in relation to the commission of one or more federal felony violations, as enumerated in Title 18, United States Code, Section 1028A(c), as described below:

| Count | Victim | Date On or About | Means of Identification | Federal Felony Violation |
|---|---|---|---|---|
| 5 | T.E. | 01/05/2017 | Name; DOB; SSN | 18 U.S.C. § 1349, as charged in Count One |
| 6 | C.H. | 12/15/2016 | Name; DOB; SSN | 18 U.S.C. § 1343, as charged in Count Two |
| 7 | T.H. | 12/31/2016 | Name; DOB; SSN | 18 U.S.C. § 1344, as charged in Count Three |
| 8 | C.E. | 04/25/2017 | Name; DOB; SSN | 18 U.S.C. § 1343, as charged in Count Four |

All in violation of Title 18, United States Code, Sections 1028A(a)(1), (b).

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of the provisions of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or Section 2461(c).

    a) All property which constitutes or is derived from proceeds of the violations set forth in this Bill of Indictment; and

    b) In the event that any property described in (a) cannot be located or recovered or has been substantially diminished in value or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant, to the extent of the value of the property described in (a).

The Grand Jury finds probable cause that the following property is subject to forfeiture on one or more of the grounds set forth above: a forfeiture judgment in the amount of $44,873.00, such amount constituting the loss to one or more victims resulting from the fraud as set forth in this Indictment.

A TRUE BILL

FOREPERSON

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

DALLAS J. KAPLAN
ASSISTANT UNITED STATES ATTORNEY